**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Bryan Fletcher, et al.

                        Plaintiff,

v.                                           Case No.: 1:23−cv−05276

                                                           Honorable John F. Kness

The Partnerships and Unincorporated Associations
Identified on Schedule A

                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 24, 2023:

      MINUTE entry before the Honorable John F. Kness: Plaintiffs' motion for leave to file under seal [3], *ex parte* motion for a temporary restraining order [9], and motion for electronic service of process [14] are granted in part. Plaintiffs' submissions (e.g., Dkt. [11], [12]) establish that, were Defendants to learn of these proceedings before the execution of Plaintiffs' requested preliminary injunctive relief, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, Plaintiffs may for now file under seal the documents identified in the motion to seal and appearing at docket entries [2] and [13]. The Temporary Restraining Order being entered along with this minute order shall also be placed under seal. In addition, for the purpose of the motions cited above, Plaintiffs' filings support proceeding (for the time being) on an *ex parte* basis under FRCP 65(b)(1). Specifically, and as noted above, were Defendants to be informed of this proceeding before a TRO could issue, it is likely assets and websites would be redirected, thus defeating Plaintiffs' interests in identifying defendants, stopping Defendants' infringing conduct, and obtaining an equitable accounting. In addition, the Court finds, at least for now on this limited and one−sided record and without prejudice to revisiting the issue, that it has personal jurisdiction over the Defendants because they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiffs' allegations at this stage suggest that Defendants have targeted sales to Illinois residents by setting up and operating e−commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products using infringing and counterfeit versions of Plaintiffs' trademarks to residents of Illinois. The evidence presented to the Court also shows that Plaintiffs have demonstrated a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to Plaintiffs is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to Defendants from an order directing them to stop infringement. Electronic service of process does not violate

any treaty and is consistent with due process because it effectively communicates the pendency of this action to Defendants. As this Court and others have noted, there may be reason to question both the propriety of the joinder of all Defendants in this one action and whether Plaintiffs will pursue an accounting (which Plaintiffs assert as justification for an asset freeze), but at this preliminary stage, the court is persuaded that Plaintiffs have provided sufficient evidence of coordinated activity and the prospect of an accounting to justify the requested relief as to all Defendants. Expedited discovery is warranted to identify Defendants and to implement the asset freeze. If any Defendant appears and objects, the Court will reconsider the asset freeze and joinder. Enter Sealed Temporary Restraining Order. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.